UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

13 AUG -8 PH 2: 31

M. REGINA THOMAS
CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. R06-42452-PWB |
| | ) | |
| Freddie Fitzgerald Christopher | ) | Chapter 13 |
| | ) | |
| Debtor | ) | |

## PETITION FOR PAYMENT OF UNCLAIMED FUNDS

A dividend check in the amount of $12,107.53 was issued in the above-styled bankruptcy case to D & G Auto Sales, whose mailing address at the time of issue was 512 Beltine Road, Decatur, AL 35601-00001. Because that check was not cashed by said payee, pursuant to 11 USC § 347(a), on 01/03/2011, the trustee paid those unclaimed funds to the Clerk, US Bankruptcy Court.

The creditor did not receive the dividend check in the above case for the following reason:

The original dividend check was sent to a D & G Auto Sales. Auto Finance Partners, LLC is successor in interest to D& G Auto Sales, Inc.'s accounts, as evidenced by Exhibit A. Timothy "Tim" Kincaid has been authorized to sign on behalf of Auto Finance Partners, LLC, as its legal counsel by Tim Peters, as evidenced by Exhibit B. Furthermore, a transfer of claim has been included see attached labeled as Exhibit C

The current address for the creditor/claimant is:

> Auto Finance Partners, LLC
> Tim Kincaid Legal Counsel
> 1910 Mentor Avenue
> Painesville, OH 44077
> 440-352-1000
> Last Four Digits of SSN/TIN: 6927

**IF APPLICANT IS A FUNDS LOCATOR,** this application includes a Power of Attorney authorizing the undersigned, <u>Dilks & Knopik, LLC</u>, Attorney in Fact, to petition the Court on behalf of the claimant for the release of these funds. The U.S. Attorney for the Northern District of Georgia has been provided a <u>copy</u> of this application.

Application is hereby made to pay these unclaimed funds to Auto Finance Partners, LLC c/o Dilks & Knopik, LLC at 35308 SE Center Street, Snoqualmie, WA 98065.

August 5, 2013



Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
TIN: 74-3049851
Attorney-in-fact for Auto Finance Partners,

LLC

35308 SE Center Street
Snoqualmie, WA 98065
(425) 836-5728

Sworn to and subscribed to before
Me this 5th day of August, 2013

Andrew T. Drake, Notary Public in and for the
State of Washington
My commission expires August 9, 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. R06-42452-PWB |
| | ) | |
| Freddie Fitzgerald Christopher | ) | Chapter 13 |
| | ) | |
| Debtor | ) | |

CERTIFICATE OF SERVICE

The undersigned, Brian J. Dilks of Dilks & Knopik, LLC of 1760 Newport Way NW, Issaquah, WA 98027 hereby certifies:

That I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on August 5, 2013, I served a copy of the foregoing Petition for Payment of Unclaimed Funds, upon the parties listed below by First Class Mail:

United States Attorney
1800 Richard Russell Federal Building
75 Spring Street, SE
Atlanta, GA 30303

Auto Finance Partners, LLC
Tim Kincaid Legal Counsel
1910 Mentor Avenue
Painesville, OH 44077

Mary Ida Townson
Case Trustee
100 Peachtree Street, NW
Atlanta, GA 30303

Freddie Fitzgerald Christopher
Debtor
265 West 1st Street
Summerville, GA 30747

Jeffrey B. Kelly
Attorney for Debtor
sabrina@kellycanhelp.com

Executed: August 5, 2013

By: _____
Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
TIN: 74-3049851
Attorney-in-fact for Auto Finance Partners, LLC
35308 SE Center Street
Snoqualmie, WA 98065
(425) 836-5728

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RE: | ) | Case: R06-42452-PWB |
| Freddie Fitzgerald Christopher | ) | |
| | ) | **AUTHORITY TO ACT** |
| | ) | **Limited Power of Attorney** |
| | ) | **Limited to one Transaction** |
| Debtor(s) | ) | |

### USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE

1.  **Auto Finance Partners, LLC** with a tax identification number of 77-0676927, ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$12,107.53** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2.  CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority.  This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3.  D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4.  This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

_____        _____ July 1 _____, 2013
Tim Kincaid – Legal Counsel                                Date

**Staple Signatory's Business Card Here**

*Timothy J. Kincaid*
Attorney at Law

**Kincaid Law Office**
**Fredricks Peebles & Morgan LLP**

1910 Mentor Avenue                    Office: (440) 352-1000
Painesville, OH 44077                  Fax: (440) 352-2435
**NOTARY ACKNOWL** tkincaid@tjklaw.com    Cell: (440) 796-8910

STATE OF Ohio                    )
COUNTY OF Lake                   )
On this 1st day of July _____, 2013, before me, the undersigned Notary Public in and for the said County and State, personally appeared (name) Timothy J. Kincaid _____ known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she/they did so freely and voluntarily and for the uses and purposes therein mentioned.
WITNESS my hand and official seal.

NOTARY PUBLIC Signature: _____
Residing at Lake County Ohio
My Commission expires 09.17.17

ANITA SAVASTANO
Notary Public
In and for the State of Ohio
My Commission Expires
September 17, 2017

# LIMITED POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS,** that I,

Timothy Peters, Member of Auto Finance Partners, LLC hereby appoint **Tim Kincaid**, as Auto Finance Partners, LLC's lawful attorney-in-fact to seek recovery of the undistributed, unclaimed, or undelivered tenders of funds belonging to Auto Finance Partners, LLC or any of its entities or predecessors, held by the United States, by a state or local municipality, or by an agency or instrumentality of either, hereby revoking all previous powers of attorney in this regard to whomever granted.

Signed this 24ᵗʰ day of __April__, 2013

Auto Finance Partners, LLC

By _____
         Timothy Peters
         Member

Auto Finance Partners, LLC        Federal Taxpayer ID 77-0676927

State of __New York__        County of __New York__        __April 24__, 2013

The above-named Timothy Peters known to me to be the
Individual described in [and holding the position designated
In] the foregoing instrument, appeared before me and
acknowledged the execution thereof to be his/her free act
and deed.

LOIS ROTELLA
Notary Public - State of New York
NO. 01RO6131480
Qualified in New York County
My Commission Expires 8/1/13

(Notary Seal)

Before me: _____
                      Notary Public

My commission expires: __8/1/13__

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RE: | ) | Case: R06-42452-PWB |
| | ) | |
| Freddie Fitzgerald Christopher | ) | **AFFIDAVIT OF ACCOUNT** |
| | ) | |
| Debtor(s) | ) | |

I, Tim Kincaid, Authorized Signatory of Auto Finance Partners, LLC under the penalty of perjury

under the laws of the United States of America declare (or certify, verify or state) that the following

statements and information are true and correct:

1. I am over the age of 18 and competent to provide this affidavit;

2. I am counsel for Auto Finance Partners LLC, and an authorized signatory and agent;

3. I am familiar and have personal knowledge of following loan account held by Auto Finance
   Partners LLC;

4. The loan originated on May 13, 2006, for a 2004 Ford F150 XLT, VIN number
   1FTRF12W94NB85204.

5. The last payment received on the vehicle was for $504.53 on February 8, 2008.

6. $4,022.65 was paid on this loan pre-bankruptcy and $2,551.12 was paid on this loan post-
   bankruptcy.

7. No payments have been received by Auto Finance Partners, LLC on this vehicle since February
   8, 2008.

[Type text]

8. Auto Finance Partners, LLC is the only authorized party involved that had authority to repossess the vehicle. The vehicle has not been repossessed by Auto Finance Partners, LLC. The location of the vehicle is unknown.

9. An outstanding balance of $25,198.03 still remains on this account.

I pray that the court will accept this affidavit as proof of entitlement to these funds.

Dated ___7. 1 · 13___    By: _____
                         Tim Kincaid

STATE OF __Ohio_____, COUNTY OF __Lake_____
On _July 1st, 2013_ before me, personally appeared (insert name of the signer)
____Timothy J. Kincaid_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my had and official seal.

**ANITA SAVASTANO**
**Notary Public**
**In and for the State of Ohio**
**My Commission Expires**
**September 17, 2017**

Notary Public
My commission expires on 09. 17. 17

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

In re:                                    )
                                          )
D & G Auto Sales, Inc.,                   )          Case No.  08-81385-JAC
                                          )          Chapter 11
          Debtor.                         )

## ORDER (A) APPROVING COMPROMISE, (B) GRANTING
## MOTION TO DISMISS CASE AND (C) REDUCING NOTICE PERIODS

This matter having come before the Court for hearing on May 12, 2008 on (i) the Motion for Conditional Use of Cash Collateral (the "Cash Collateral Motion") filed by the debtor D & G Auto Sales, Inc. (the "Debtor"), and the Motion to Dismiss Bankruptcy Case, or, in the alternative, Motion to Appoint Trustee and Motion for Relief from the Automatic Stay (the "Motion to Dismiss") filed by Auto Finance Partners, LLC ("AFP"), a secured creditor and party in interest, pursuant to Section 1112 of Chapter 11 of Title 11 of the United States Code, §§ 101 et seq. (the "Bankruptcy Code"). The Court having considered the Cash Collateral Motion and the Motion to Dismiss, finds that (i) the Cash Collateral Motion is denied except as herein provided and (ii) the Motion to Dismiss is granted based upon a finding of cause and based upon the consent of the Debtor. The Court bases its ruling on the following findings:

WHEREAS, D & G Auto Sales, Inc. (the "Debtor") executed and delivered to Auto Finance Partners, LLC ("AFP") a Credit and Security Agreement dated as of July 1, 2007 (the "Security Agreement") pursuant to which the Debtor granted AFP a continuing security interest in and to all of the Debtor's:

> accounts, general intangibles, deposit and other bank accounts wherever maintained and established (including, without limitation, the Blocked Account), chattel paper, instruments, documents, investment property, inventory, equipment, fixtures, all books and records related to the foregoing, and all other types of property, including, without limitation, the following property of such Related

Exhibit _A_

Party, whether now owned or existing or hereafter acquired or arising and wheresoever located (collectively, the "Collateral"):

(i)     All right, title and interest of such Related Party in and to the Receivables and the underlying Consumer Loan Documents and Consumer Loans;

(ii)     All right, title and interest of such Related Party in and to all other property whether now or hereafter owned, acquired or held by such Related Party which secure (or constitute collateral for) any of the Consumer Loan Documents or other instruments or agreements which evidence any of the Receivables, including without limitation, all right, title and interest in and to all financing statements perfecting such security interest in any of the foregoing;

(iii)     All right, title and interest of such Related Party in and to all financing statements perfecting the security interests of any of the foregoing;

(iv)     All right, title and interest of Borrower in and to all guaranties and other instruments by which any Person guarantees the payment or performance of the Receivables.

(v)     All right, title and interest of such Related Party in and to all insurance policies pertaining to or obtained by Account Debtor or such Related Party in connection with, or arising out of, any Consumer Loan Document;

(vi)     All right, title and interest of such Related Party in and to all commitments and other agreements to purchase any Receivables;

(vii)     All right, title and interest of such Related Party in and to all collections on, and proceeds of or from, any and all of the foregoing (hereafter collectively called "Collections");

(viii)     All files, surveys, certificates, correspondence, appraisals, computer programs, software, tapes, discs, cards, accounting records, and other records, information, and data of such Related Party relating to the Receivables (including all information, data, programs, tapes, discs and cards necessary to administer and service such Receivables);

(ix)     All contract rights, accounts, rights to payment of money, and general intangibles, related to such documents and contracts described in subparagraph (i) through (viii) above and as to all such Collateral described in subparagraph (i) through this subparagraph (ix) whether now existing or hereafter at any time acquired or arising;

(x)     All now existing or hereafter arising rights to service, administer and/or collect Consumer Loans and all rights to the payment of money on account of such servicing, administration and/or collection activities;

972362.1                                    2

Exhibit __A__

(xi)    All present and hereafter acquired inventory (including, without limitation, all raw materials, work in progress and finished goods);

(xii)    All equipment of whatsoever kind or character now or hereafter owned by such Related Party;

(xiii)    All monies, securities and property, now or hereafter held, received by, or entrusted to, in the possession or under the control of Lender or a bailee of Lender and all investment property now or hereafter owned by such Related Party;

(xiv)    All accession to, substitutions for and all replacements, products and proceeds of the foregoing, including, without limitation, proceeds of insurance policies (including, but not limited to, claims paid and premium refunds); and

(xv)    All books and records (including, without limitation, customer lists, credit files, tapes, ledger cards, computer software and hardware, electronic data processing software, computer printouts and other computer materials and records) of such Related Party evidencing or containing information regarding any of the foregoing.

(collectively, the "D & G Collateral").

WHEREAS, AFP perfected its security interest in the Collateral by filing its UCC-1 Financing Statement with the Office of the Secretary of State of Alabama on July 5, 2007 as File No. 07-0584525.

WHEREAS, as further security for performance of the Debtor's obligations under the Security Agreement, Comfort Car Co., Inc. ("Comfort Car") executed and delivered a Guaranty and Security Agreement to AFP dated November 1, 2007 (the "Comfort Car Guaranty").

WHEREAS, pursuant to the Comfort Car Guaranty, Comfort Car granted to AFP a security interest in the following:

(a)    All right, title and interest of Guarantor in and to the Receivables and the underlying Consumer Loan Documents and Consumer Loans. For purposes of this Guaranty, "Consumer Loan Documents" shall mean all chattel paper, retail installment contracts, purchase money security agreements, security agreements, promissory notes or similar instruments evidencing or securing a Consumer Loan, which have been executed by an account debtor payable to or in favor of Guarantor, and all such instruments, agreements and documents being

Exhibit __A__

delivered by an account debtor to Guarantor; and "Consumer Loan" shall mean any loan made by Guarantor to an account debtor and any other right of Guarantor to receive payment, including, without limitation, all loans, extensions of credit or Guarantor's right to payment for goods sold or services rendered by Guarantor, which is secured by an auto title and evidenced by the Consumer Loan Documents applicable to such Account Debtor, whether any such loan is now or hereafter owned, acquired or held by Guarantor;

(b)     All right, title and interest of Guarantor in and to all other property whether now or hereafter owned, acquired or held by Guarantor which secure (or constitute collateral for) any of the Consumer Loan Documents or other instruments or agreements which evidence any of the Receivables, including, without limitation, all right, title and interest in and to all financing statements perfecting such security interests in any of the foregoing.  For purposes of this Guaranty, "Receivables" shall mean any and all indebtedness or obligations evidenced by a Consumer Loan now or hereinafter owned or held by Guarantor;

(c)     All right, title and interests of Guarantor in and to all financing statements perfecting the security interests of any of the foregoing;

(d)     All right, title and interest of Guarantor in and to all guaranties and other instruments by which any Person guarantees the payment or performance of the Receivables;

(e)     All right, title and interest of Guarantor in and to all insurance policies pertaining to or obtained by account debtor or guarantor in connection with, or arising out of, any Consumer Loan Document;

(f)     All right, title and interest of Guarantor in and to all commitments and other agreements to purchase any Receivables;

(g)     All right, title and interest of Guarantor in and to all collections on, and proceeds of or from, any and all of the foregoing (hereafter collectively called "Collections");

(h)     All files, surveys, certificates, correspondence, appraisals, computer programs, software, tapes, discs, cards, accounting records, and other records, information, and data of Guarantor relating to the Receivables (including all information, data, programs, tapes, discs and cards necessary to administer and service such Receivables);

(i)     All contract rights, accounts, rights to payment of money, and general intangibles, relating to such documents and contracts described in subparagraph (a) through (h) above and as to all such Collateral described in subparagraph (a) through this subparagraph (i) whether now existing or hereafter at any time acquired or arising;

**Exhibit    A**

(j)    All now existing or hereafter arising rights to service, administer and/or collect Consumer Loans and all rights to the payment of money on account of such servicing, administration and/or collection activities;

(k)    All present and hereafter acquired inventory (including, without limitation, all raw materials, work in progress and finished goods);

(l)    All equipment of whatsoever kind or character now or hereafter owned by Guarantor;

(m)    All monies, securities and property, now or hereafter held, received by, or entrusted to, in the possession or under the control of Lender or a bailee of Lender and all investment property now or hereafter owned by Guarantor;

(n)    All accessions to, substitutions for and all replacements, products and proceeds of the foregoing, including, without limitation, proceeds of insurance policies (including, but not limited to, claims paid and premium refunds); and

(o)    All books and records (including, without limitation, customer lists, credit files, tapes, ledger cards, computer software and hardware, electronic data processing software, computer printouts and other computer materials and records) of Guarantor evidencing or containing information regarding any of the foregoing.

(collectively, the "Comfort Car Guaranty Collateral" and together with the D & G Collateral, the "Collateral").

WHEREAS, AFP properly perfected its security interest in the Comfort Car Guaranty Collateral by filing its UCC-1 in the Office of the Secretary of State of Georgia.

WHEREAS, AFP commenced an action (the "State Court Action") in the Circuit Court of Morgan County, Alabama (the "State Court") against the Debtor, Glen Elrod ("Glen Elrod"), Diana Elrod ("Diana Elrod") and Ryan Livingston ("Livingston") pursuant to which AFP sought, among other things, the entry of a temporary restraining order to prevent the Debtor, Elrod and others from converting the Collateral and interfering with AFP's enforcement of its security interest in the Collateral.

Exhibit    _A_

WHEREAS, on April 29, 2008, the State Court entered a temporary restraining order. The State Court entered on order on May 9, 2008 continuing the effectiveness of this temporary restraining order until it has opportunity to hear AFP's request for a preliminary injunction.

WHEREAS, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code") on May 7, 2008 (the "Petition Date") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Court").

WHEREAS, on the Petition Date, the Debtor filed the Cash Collateral Motion pursuant to which the Debtor sought authorization to use cash which constitutes part of the D & G Collateral.

WHEREAS, on May 9, 2008, AFP filed its Objection to the Cash Collateral Motion (the "Objection") pursuant to which AFP objected to any use by the Debtor of the cash in which AFP claims a security interest.

WHEREAS, also on May 9, 2008, AFP filed the Motion to Dismiss.

WHEREAS, the Court scheduled a hearing for May 12, 2008 regarding the Cash Collateral Motion, the Objection and the Motion to Dismiss (the "Hearing").

WHEREAS, present at the Hearing was, among others, (i) Glen Elrod, (ii) Diana Elrod, (iii) Ryan Livingston, (iv) Les Cohen, representative of AFP, (v) Cynthia Slate-Cook, counsel for the Debtor, (vi) Jesse S. Vogtle, Jr. and Jeremy L. Retherford, counsel for AFP and (vii) Richard Blythe for the Bankruptcy Administrator's office.

WHEREAS, during the Hearing, Ms. Cook and Mr. Vogtle did announce to the Court that a compromise had been reached between the Debtor and AFP (the "Settlement") the terms of which are as follows:

Exhibit  *A*

1.    AFP is given possession and control of the Collateral, including all books and records of the Debtor and Comfort Car as well as all cash and funds held in deposit accounts, effective May 12, 2008. AFP will have until May 26, 2008 to remove the Collateral from the location(s) of the Debtor and Comfort Car. Glen Elrod and the employees of the Debtor and Comfort Car shall have the right to obtain possession of their personal belongings located on the premises of the Debtor and Comfort Car at a time that is mutually agreeable to AFP.

2.    The Debtor authorizes AFP to post security guards at the locations of the Debtor and Comfort Car.

3.    The Debtor and Glen Elrod will provide a complete inventory of the vehicles of the Debtor and Comfort Car including the location of this inventory.

4.    Glen Elrod will provide written instructions to the employees of the Debtor and Comfort Car to cooperate with AFP's recovery of possession and control of the Collateral. AFP shall have the right, but not the obligation, to contact the Debtor's employees regarding the location and the status of the Collateral.

5.    AFP will release to the Debtor cash collateral in the amount of $6,000.00 for partial payment of payroll to the non-insider employees of the Debtor through May 12, 2008. However, AFP shall in no way be considered to have employed the Debtor's employees at any time nor shall AFP have an obligation to continue the employment of any of the Debtor's employees.

6.    Glen Elrod shall in no way interfere with AFP's obtaining possession and control of the Collateral. Glen Elrod shall in no way interfere with AFP's enforcement of its security interest in the Collateral. Glen Elrod shall immediately send a notice to the customers of the Debtor and Comfort Car, signed by Glen Elrod, which instructs the customers of the Debtor and Comfort Car to make all payments owed to AFP.

7.    AFP shall release the Debtor, Glen Elrod and Diana Elrod from all claims related to, pertaining to, or arising out of the Security Agreement to be effective once this order becomes final and non-appealable provided the terms of the Settlement have been fully complied with. The Debtor, Glen Elrod and Diana Elrod shall release AFP from all claims related to, pertaining to, or arising out of the Security Agreement to be effective once this order becomes final and non-appealable provided the terms of the Settlement have been fully complied with.

8.    AFP shall further release to the Debtor cash collateral in the amount of Ten Thousand and 00/100 ($10,000.00) within five (5) days of this order becoming final and non-appealable provided the terms of the Settlement have been fully complied with. These funds shall be held in trust by counsel for the Debtor until authorized by AFP to release the funds to the Debtor.

Exhibit __A__

9.      The Debtor consents to the immediate dismissal of this bankruptcy case with prejudice.

10.     AFP shall dismiss with prejudice the State Court Action once this order becomes final and non-appealable provided the terms of the Settlement have been fully complied with.

11.     The Debtor consents to AFP taking control of the all depository accounts containing Collateral. The Debtor shall have no further access to the Collateral, including cash or checks from customers except as specifically provided in paragraphs 5 and 8 above.

WHEREAS, the Settlement was the product of good faith negotiations between the parties who at all times acted at arms length. All parties were represented by competent and experienced counsel specializing in bankruptcy and commercial law. The Settlement is in the best interest of the Debtor, its estate and its creditors.

It is **ORDERED, ADJUDGED,** and **DECREED** that (i) the terms of the Settlement are approved, and (ii) this bankruptcy court maintains jurisdiction over the enforcement of this order and (iii) this case shall be closed as provided below without further order of this Court.

> **In accordance with Federal Rule of Bankruptcy Procedure Rule 2002, this Order shall become effective on the twenty-first (21st) day following the entry of this order unless a party in interest files a response within twenty (20) days of the entry of this order. Responses must be filed with the Court Clerk and served upon the moving parties.**

**DONE and ORDERED** this day May 14, 2008

                                        /s/ Jack Caddell
                                        Jack Caddell
                                        U.S. Bankruptcy Judge


Consented to in form and substance by:

_____
Cynthia Slate-Cook
Post Office Box 1344
Decatur, Alabama 35602


972362 1                              8

**Exhibit   A**

*Counsel for D & G Auto Sales, Inc.*

Jesse S. Vogtle
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201

*Attorneys for Auto Finance Partners, LLC*

Exhibit __A__

Exhibit B


This is a private document, please do not make public.

## LIMITED LIABILITY COMPANY AGREEMENT
## FOR
## AUTO FINANCE PARTNERS, LLC
## A DELAWARE LIMITED LIABILITY COMPANY

This Limited Liability Company Agreement (this "Agreement"), is made as of April 1, 2007, by and among the parties listed on the signature pages hereof (collectively referred to as the "Members" or individually as a "Member").

### STATEMENT OF AGREEMENT

A.    The Members have caused to be filed with the Delaware Secretary of State Certificate of Formation (the "Certificate") for Auto Finance Partners, LLC (the "Company").

B.    The Members desire to adopt and approve the following arrangements for the Company under the Delaware Limited Liability Company Act (the "Act").

NOW, THEREFORE, the Members by this Agreement do hereby agree as follows:

### ARTICLE I
### DEFINITIONS

1.1    "Act" shall mean the Delaware Limited Liability Company Act (or any corresponding provision or provisions of any succeeding law).

1.2    "Adjusted Capital Account Deficit" means, with respect to any Member, the deficit balance, if any, in such Member's Capital Account as of the end of the relevant Fiscal Year, after giving effect to the following adjustments: increase such Capital Account by any amounts which such Member is obligated to contribute to the Company (pursuant to the terms of this Agreement or otherwise) or is deemed to be obligated to contribute to the Company pursuant to Regulations Sections 1.704-2(g)(1) and 1.704-2(i)(5); and reduce such Capital Account by the amount of the items described in Regulations Sections 1.704-1(b)(2)(ii)(d)(4), (5) and (6).

1.3    "Adjusted Net Revenue" means with respect to any period, the sum of all cash receipts of the Company from any and all sources, less all amounts paid by the Company for costs of operations (but not including Drawings pursuant to Section 6.2C) and less debt service for any of the Company's indebtedness, and less an allowance for Reserves acceptable to all Members.

1.4    "Affiliate" means, when used with reference to a specified Person, the Principal of the Person, any Person directly or indirectly controlling, controlled by or under common control with such Person, any Person owning or controlling 10% or more of the outstanding voting interests of such Person, and any relative or spouse of such Person.

1.5    "Agreement" means this Limited Liability Company Agreement, as originally executed and as amended from time to time, as the context requires. Words such as "herein," "hereinafter," "hereto," "hereby" and "hereunder," when used with reference to this Agreement, refer to this Agreement as a whole, unless context otherwise requires.

2

**Exhibit** B

MEMBER:

CARDINALPOINTE CAPITAL GROUP, LLC

By: _____
    TIMOTHY PETERS

MEMBER:

_____
STEVEN SILVER

MEMBER:

_____
CHARLES DABICH

27

Exhibit   B

12/10/2007  12:20    3016549436    AUTO FINANCE PARTNERS    PAGE  06/06

# EXHIBIT A

## CAPITAL CONTRIBUTION AND ADDRESSES OF MEMBERS

### OF

### AUTO FINANCE PARTNERS, LLC

as of APRIL 1, 2007

| Member's Name | Member's Address | Member's Capital Contribution | Member's Percentage Interest |
|---|---|---|---|
| CardinalPointe Capital Group, LLC | CardinalPointe Capital Group, LLC 333 Seventh Avenue, 3rd Floor New York, NY 10001 | $3,750.00 | 75% |
| Steven Silver | 3713 Village Park Drive Chevy Chase, MD 20815 | $650.00 | 13% |
| Charles Dabich | 7950 Arden Court Dunn Loring, VA 22027 | $600.00 | 12% |

28

Exhibit   B

RECEIVED
Filed in U.S. Bankruptcy Court
Atlanta, Georgia

FEB 1 9 2013

B 210A (Form 210A) (12/09)

M. Regina Thomas, Clerk
By:_____
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

Northern District of Georgia

In re Freddie Fitzgerald Christopher          ,          Case No.  R06-42452

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Auto Finance Partners, LLC | D&G Auto Sales, Inc. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:
   1910 Mentor Avenue
   Painesville, OH 44077

Court Claim # (if known): ____3____
Amount of Claim: ___$27,749.15___
Date Claim Filed: ___01/12/2007___

Phone: _440-352-1000_____
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: ____17____

Name and Address where transferee payments
should be sent (if different from above):
   1910 Mentor Avenue
   Painesville, OH 44077

Phone: _440-352-1000_____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____          Date:___10·16·12_____
   Transferee/Transferee's Agent
   TIMOTHY J. KINCAID

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Exhibit 

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>**Northern District of Alabama** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**D&G Auto Sales, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**26-0482730** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**512 Beltline Road**<br>**Decatur, AL**<br>ZIP Code **35601** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Morgan** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):  **512 Beltline Road**<br>**Decatur, AL 35601** | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9        of a Foreign Main Proceeding<br>■ Chapter 11   ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 12       of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization
under Title 26 of the United States
Code (the Internal Revenue Code).

| Nature of Debts<br>(Check one box) |
|---|
| ☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ■ Debts are primarily<br>business debts. |

| Filing Fee (Check one box) | Check one box:    Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion |  More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion |  More than<br>$1 billion |

**Proof of Address**
**Page 1 of 2**



Home      Government Records      Business Entities      Search      Details

## Business Entity Details

| D & G Auto Sales, Inc. | |
|---|---|
| Entity ID Number | 253 - 417 |
| Entity Type | Domestic Corporation |
| Principal Address | DECATUR, AL |
| Principal Mailing Address | Not Provided |
| Status | Exists |
| Place of Formation | Morgan County |
| Formation Date | 7-6-2007 |
| Registered Agent Name | ELROD, GLEN |
| Registered Office Street Address | 512 BELTLINE RD<br>DECATUR, AL 35601 |
| Registered Office Mailing Address | Not Provided |
| Nature of Business | BUY/SELL/TRADE<br>VEHICLES/BUILDINGS/MACHINERY/OTHER MERDHANDISE |
| Capital Authorized | $100 |
| Capital Paid In | -- |
| **Incorporators** | |
| Incorporator Name | ELROD, GLEN |
| Incorporator Street Address | Not Provided |
| Incorporator Mailing Address | Not Provided |
| Incorporator Name | ELROD, DIANA |
| Incorporator Street Address | Not Provided |
| Incorporator Mailing Address | Not Provided |
| Incorporator Name | LIVINGSTON, RYAN |
| Incorporator Street Address | Not Provided |
| Incorporator Mailing Address | Not Provided |
| **Scanned Documents** | |
| Document Date / Type / Pages | 7-6-2007   Articles of Formation   9 pgs. |

Browse Results      New Search

P.O. Box 5616
Montgomery, AL 36103-5616

Alabama Directory | Media | Online Services | Alabama.gov
Statements/Policies | Alerts | Survey/Comments | Feeds | Contact Us

Phone: (334) 242-7200
Fax: (334) 242-4993

**Proof of Address**
**Page   2   of   2**